

# THE ATTORNEY GENERAL
# OF TEXAS
## AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

March 28, 1947

Hon. Clayton Bray
County Attorney
Sutton County
Sonora, Texas

Opinion No. V-108

Re: Whether a county
surveyor may take
his oath of office
before a Notary
Public of another
county, and related
questions.

Dear Sir:

     Your request for an opinion from this office
on the above subject matter is as follows:

    "1. May a County Surveyor, duly
elected, qualify for the office by sub-
scribing his oath before a Noatry Pub-
lic in another County and mailing said
oath, together with professional bond
and bondsmen, in to the Commissioner's
Court?

    "2. If the answer to the above
is in the affirmative, what period of
time is necessary before the office be-
comes vacant for non-qualifying, assum-
ing that the situation in '1', above,
is not present?

    "3. If such elected officer is
hospitalized indefinitely, due to the
infirmities of age and as a result of
an accident, and the probabilities are
that such official will never be able
to enter into the discharge of his du-
ties, will a vacancy be presumed to ex-
ist, notwithstanding the fact that
proper oath and bond has been mailed in
and accepted?

    "4. If '3', above, is in the af-
firmative, when and by whom will the ac-
tion be taken to declare the existing

vacancy? (meaning:  will an action
to remove an incapacitated officer
have to be instituted, or, will a
vacancy merely be presumed to have
been in existence all along and such
attempted qualification a nullity?)"

Article XVI, Section 1 of our State Consti-
tution provides, in part, the following:

"Members of the Legislature,
and all officers, before they enter
upon the duties of their offices shall
take the following oath or affirmation:
. . . ."

Article 26, V.C.S., provides, in part the
following:

"All oaths. . . or affirmations
may be administered and a certificate
of the fact given:

"1.  If within this State by a
notary public. . ."

Article 5283, V.C.S., provides:

"A county surveyor shall be el-
ected in each county at each general
election for a term of two years.  He
shall reside in the county and keep
his office at the courthouse or some
suitable building at the county seat,
the rent therefor to be paid by the
commissioners' court on satisfactory
showing that the rent is reasonable,
the office necessary and that there
is no available office at the court-
house."

Article 5284, V.C.S., provides:

"The county surveyor shall first
give bond in such sum as the commis-
sioners' court may fix, not less than
five hundred nor more than ten thousand
dollars, and conditioned that he will
faithfully perform the duties of his
office."

It will be noted that none of the above quoted constitutional or statutory provisions requires that the oath be taken and bond be given by a county surveyor with-in the county of his residence.  Therefore, it is our op-inion that a county surveyor, duly elected, may qualify for the office by subscribing his oath before a Notary Pub-lic in another county and mailing said oath together with his bond as required by Article 5284.

In answer to your second question, we quote the following from 34 Tex. Jur., pp. 360 and 361:

"The statutes provide that after each general election county and precinct offi-cers shall qualify by taking the official oath and assuming the duties of their re-spective offices on the first day of Janu-ary following the last general election, or as soon thereafter as possible, and that those holding office at said time shall sur-render their offices to their successors on such date, or as soon thereafter as their successors shall have qualified and be ready to assume the duties thereof.  Other provis-ions fix the time within which certain par-ticular officers are required to qualify.  A statute requiring officers to enter upon the discharge of their duties on a specified date impliedly, if not expressly, fixes the time within which they are required to qual-ify by taking the oath.

"Statutes fixing the time for qualify-ing are generally regarded as directory only; and as a rule a failure to qualify within the time prescribed does not create a vacancy in the office unless the statute so provides. But the Supreme Court has said that this rule was made to cover cases where the officer can-not, for some good reason beyond his own con-trol, qualify within the time prescribed, and it will not be extended to cases where there is a neglect or refusal to qualify; and where the officer seeks an extension of the pre-scribed time he must show an extraordinary reason therefor.

"Statutes relating to particular offices sometimes provide that the office shall be

deemed or declared vacant, or that an appointment thereto shall be void, in case the person elected or appointed fails to qualify within a specified time. Such a failure may also in some circumstances amount to an abandonment of the office so as to warrant the appointment of another person to it on the theory that a vacancy exists. But the statute cannot be given that effect where an elected officer attempts to take the oath and presents it to the proper officer within the prescribed time, and the latter appoints another to the office on the sole ground that the election was illegal. In such case the legally elected officer may recover the office, notwithstanding his failure to qualify within the time prescribed, but he must subscribe to the required oath before entering upon the performance of his duties."

Since there is no time specified as to when the county surveyor is to take his oath and give bond, this office cannot hold, as a matter of law, that a vacancy exists because of a failure to take the oath or give bond within any specified time.

Your third and fourth questions involve the removal of the county surveyor from office by reason of a serious physical defect, due to an accident, so as to make the county surveyor unable to discharge the duties of his office.

Article V, Section 24 of our State Constitution provides:

"County Judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury."

Article 5970, V.C.S., provides:

"All district and county attorneys, county judges, commissioners, clerks of the district and county courts and single clerks in counties where one clerk discharges the duties of district and county clerk, county treasurer, sheriff, county surveyor, assessor, collector, constable, cattle and hide inspector, justice of the peace and all county officers now or hereafter existing by authority either of the Constitution or laws, may be removed from office by the judge of the district court for incompetency, official misconduct or becoming intoxicated by drinking intoxicating liquor, as a beverage, whether on duty or not; provided such officer shall not be removed for becoming intoxicated when it appears upon the trial of such officer that such intoxication was produced by drinking intoxicating liquors upon the direction and prescription of a duly licensed practicing physician of this State."

Article 5971, V.C.S., provides:

"In every case of removal from office for the causes named in the preceding article, the cause or causes thereof shall be set forth in writing, and the truth of said cause or causes be found by a jury."

Article 5972, V.C.S., defines incompetency as the following:

"By 'incompetency' as used herein is meant gross ignorance of official duties, or gross carelessness in the discharge of them; or an officer may be found to be incompetent when, by reason of some serious physical or mental defect, not existing at the time of his election, he has become unfit or unable to discharge promptly and properly the duties of his office."

If the facts in your case fit the statutes above cited, it is our opinion that the County or District Attorney may institute a proceeding in the District

Court to remove the official on the ground that he is unable to discharge promptly and properly the duties of his office.  See Reeves vs. State, 267 S.W. 666 and State ex rel Downs, et al, vs. Harney, 164 S.W. 2d 55, writ refused.

This office cannot pass upon the fact question of whether or not there is cause for removal. Such question can be determined only by the District Court and the truth of said cause is to be determined by a jury as provided by Article V, Section 24 of our State Constitution and Article 5971 of our statutes.

## SUMMARY

1.  A county surveyor, duly elected, may qualify for the office by subscribing his oath before a Notary Public in another county and mailing his oath together with his bond as prescribed by Article 5284. Article 26,V.C.S.

2.  Where a county officer has been injured, causing a physical defect, not existing at the time of his election, so as to make him unable to discharge the duties of his office, such officer may be removed from office by a finding thereof in a proceeding in the District Court brought by the County or District Attorney.  Art. V, Sec. 24 of the State Constitution; Arts. 5970, 5971, 5972, V.C.S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

JR:djm:wb

APPROVED MARCH 28, 1947

ATTORNEY GENERAL OF TEXAS